### ROLLEN SMITH v. THE STATE.

#### No. 3255. Decided November 22, 1905.

**1.—Carrying Pistol—Argument of Counsel—Special Charge.**

On trial for unlawfully carrying a pistol where a requested charge was given, directing the jury not to consider remarks made by the county attorney to punish the defendant to deter others from crime, there was no error.

**2.—Same—Argument of Counsel—Response to Challenge in Argument.**

Where defendant's counsel challenged the county attorney in strong terms to know why a certain witness was not put on the stand and to explain to the jury his absence, and the county attorney answered in response to said challenge, stating why the witness was absent, there was no error, although such practice is criticised.

**3.—Same—Charge of Court—Theory of Defense.**

See opinion for charge of court which was applicable to the facts of the theory of defense and as controverted by the State.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $25.

The opinion states the case.

*Stevenson, Platt & Stevenson,* for appellant.—On question of argument of counsel: Wilson v. State, 53 S. W. Rep., 122.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of charge of court: Snider v. State, 43 S. W. Rep., 84.

DAVIDSON, PRESIDING JUDGE.—This conviction is for unlawfully carrying a pistol, the fine imposed being $25.

The first bill of exceptions recites that the county attorney, used the following language in arguing the case before the jury: "The officers have done their duty in going and taking this pistol off this man, and doubtless stopped trouble, 'and to fine this defendant would deter others from crime.'" The bill recites further that such remarks were very prejudicial to defendant, for the reason that on the night preceding the day of the trial, and while all the jurors sitting in the case were in town, there was an unprecedented amount of shooting; and that this shooting, taken in connection with the remark of counsel, was calculated to prejudice the minds of the jurors. There was no evidence adduced on the trial in regard to the shooting on the previous night. Besides, a special charge was requested by appellant, and given by the court to the effect that the jury should not consider the remark of said attorney to punish this appellant to deter others from crime. The jury were instructed not to consider this language for any purpose.

Another bill shows that appellant's counsel remarked, "that if Wooters Stovall's statement is not true, and defendant did not hand the pistol over the counter to George Bean, as Wooters Stovall testified, then why in the name of God didn't the State have George Bean here to testify in this case. I ask Mr. Robb, when he gets up here again, to tell you gentlemen why he hasn't got George Bean here." To this Robb (county attorney) replied, "Gentlemen: George Bean has been duly subpœnaed by the State in this case, but he is not here; he is indicted himself in this court, and I have taken a forfeiture on his bond." Such remarks as these should not be indulged, and such challenge should not be thrown down by one side or accepted by the other. But appellant does not place himself, in the first place, in the attitude of objecting to the remarks of the county attorney. He challenged the county attorney in strong terms to know why Bean was not here and to explain to the jury why he was not. The county attorney answered in response to the challenge and the insistence of appellant's counsel.

Exception is urged to that portion of the charge given by the court to the jury, in regard to appellant's theory that he was carrying the pistol from Bean's pool room to his (appellant's) residence at the time it was taken from him. The court did instruct the jury that if they should find from the evidence, or have a reasonable doubt, that Prater had pawned the pistol to appellant, and had offered to redeem it, and

appellant, acting under the agreement, sent home for the pistol, and upon its arrival deposited it with Bean to keep until it could be delivered to Prater, and that he then hunted for and could not find Prater, and was, when arrested, carrying the pistol home, such act would not be a violation of the law, and appellant should be acquitted. The court then qualified the charge by giving this: "If you shall believe from all the evidence beyond a reasonable doubt that defendant, when arrested, was not on his way home, and had digressed from his common purpose and common intent, then and in such case he would be guilty of a violation of the law, and you will (if you so find) find him guilty and assess his punishment as heretofore directed." The fact shows that Prater had pawned the pistol to appellant a few days before this for $10, reserving to himself the right to redeem it as late as the 4th of August. This occurrence happened on the night of the 4th of July, the pistol having been pawned to appellant three or four days before the 4th, or about the 1st of the month. Appellant's contention is, that on the night in question Prater had requested him to get the pistol, and he would redeem it, by paying the $10; that appellant hired witness Stovall, who went for and brought the pistol to appellant. Appellant testified that immediately upon getting the pistol, he went into Beans' establishment, and left it, and went off to hunt Prater, with the view of bringing him to Beans', and turning the pistol over to him, and that he failed to find him. He returned to Beans', got the pistol, and had just emerged from the door, when the sheriff arrested him, and took it away from him. That his object in leaving Beans' with the pistol was to return home with it. The State, by the sheriff and another witness, shows that appellant entered Beans' house with the pistol and deposited it; that he remained in there a few moments, while they kept close watch on him, then got the pistol and started out. That at no time was he absent from Beans' house, from the time he took the pistol off, until he secured it and left the house; and that he did not leave the house after bringing the pistol in the house, in search of Prater. If appellant, after securing the pistol, sought Prater around the town, and went to the Masonic Hall, where the dance was going on, as he claims he did, then the charge of the court was justified under the decisions. It was an issue on the facts that he may have carried this pistol around the town before he deposited it with Bean, and it is shown by the two witnesses (sheriff and deputy) who watched him closely, that he did not leave Beans' establishment after he entered it with the pistol, until he took it away with him; and that he did not go thence for the purpose of seeking Prater. We believe under the facts of the case, that this charge was not erroneous. If true, or believed by the jury to be true, the facts justified the conviction. The judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.